IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   16-cv-00479-GPG

ANTOINE BRUCE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS ("BOP"),
JOHN DOE, #1 Assistant Director (CPO) for (BOP), and
F. DAVIS, Psy. D (Staff Psychologist),

    Defendants.

---

ORDER

---

    Plaintiff Antoine Bruce is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. On February 25, 2016, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint that alleges a violation of his constitutional rights and a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff seeks money damages and multiple directives by the Court regarding his placement at a proper medical facility and his mental health treatment in general.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Defendant F. Davis to file a report regarding Plaintiff's ongoing mental health treatment.

Plaintiff, on three or more occasions, has brought an action that was dismissed on the grounds that it failed to state a claim or was frivolous. *See Bruce v. Coulter, et al.*, No. 14-cv-00210-LTB (D. Colo. Apr. 23, 2014) (dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)) (unpublished); *Bruce v. Denney*, No. 14-cv-03026-SAC (D. Kan. Apr. 2, 2014) (dismissed for failure to state a claim and as legally frivolous) (unpublished); *Bruce v. C. Wilson, et al.*, No. 13-cv-00491-WJM-CBS (D. Colo. Nov. 4,2013) (a Fed. R. Ci. P. 12(b)(6) dismissal). In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court's § 1915(g) determination in each of the above-noted cases was in keeping with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).

In response to the question on Page Two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which asks if Plaintiff is in imminent danger of serious physical injury, he states "Defendants have or is [sic] denying me mental health and medical treatment and care, their agents are refusing me my

psychotropic/antidepressant medication resulting in me suffering panic attacks, heart palpitations, suicide ideation." ECF No. 2 at 2. In the Complaint, as he has done in past actions, Plaintiff provides a chronological history of his mental health issues. He also, as in past cases, specifically challenges the treatment he has received, or the lack thereof, since 2014 from Defendant Davis. Plaintiff disagrees with Defendant Davis's diagnosis that he has no serious mental illness and that reclassification of Plaintiff from a Care 3-MH level to a Care 2-MH is appropriate. Plaintiff further contends that his suicide risk is significant, he should be monitored carefully, but is not, which has resulted in his self-mutilation, setting his cell on fire, hanging or strangling himself, and swallowing razors and other objects.

Plaintiff is required to provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Plaintiff's claims for the most part are conclusory and vague and fail to provide, as is the case in previous cases, the required specific factual statements that named defendants have subjected him to ongoing serious physical injury.

Nonetheless, the Court has a continuing concern for the well-being of prisoners. The Court, therefore, will direct service on Defendant F. Davis for the limited purpose of submitting to the Court a report on the treatment that Plaintiff has received since 2014 when Defendant Davis, as asserted by Plaintiff, first was responsible for overseeing Plaintiff's mental health treatment. *See Martinez v. Aaron,* 570 F.2d 317, 319 (10th

Cir.1978) (approving district-court procedure of requiring prison officials named in civil-rights lawsuits to investigate and report to court on relevant facts at outset of case). Accordingly, it is

ORDERED that the Court will stay the consideration of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF. No. 2, until the Court has had the opportunity to review Defendant F. Davis's report.   It is

FURTHER ORDERED that the Clerk of the Court shall serve Defendant F. Davis with this Order for the purpose of providing a report as described in this Order.   It is

FURTHER ORDERED that Defendant Davis shall have fourteen days from the date of this Order to file the report.   It is

FURTHER ORDERED that the only proper filing by Plaintiff shall be a response to the report to be filed within fourteen days of the filing of the report in this Court.   It is

FURTHER ORDERED that any other filings submitted by Plaintiff, other than a response that is limited to addressing Defendant F. Davis's report, will be stricken by the Court.

DATED March 1, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

5